BLD-207                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1441
_____

MILES EDWARDS,
Appellant

v.

JOHN YOST, Warden

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court Civil No. 07-cv-00057)
District Judge:  Honorable Kim Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 27, 2010

Before:  RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Filed: June 30, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Miles Edwards, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the Western District of Pennsylvania denying a motion

for reconsideration filed in a habeas proceeding.  We will affirm.

In 1994, Edwards, a soldier in the United States Army, pleaded guilty before a court-martial to murder in violation of Article 118 of the Uniform Code of Military Justice, 10 U.S.C. § 918. Edwards shot and killed a woman in his barracks room. He received a sentence of thirty years in prison.[1] Edwards' appeals in the United States Army Court of Criminal Appeals ("ACCA") and the United States Court of Appeals for the Armed Forces ("CAAF") were unsuccessful.

In 2002, six years after the completion of his direct appeals in 1996, Edwards filed a petition for a writ of habeas corpus in the ACCA challenging the jurisdiction of the court-martial. The ACCA denied the petition. Edwards also sought relief in the CAAF, which was denied in 2002.

In 2007, Edwards filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in District Court challenging the jurisdiction of the court-martial on several grounds. The Magistrate Judge recommended that the petition be denied. Edwards moved for a 90-day extension of time to file objections, asserting that he was in the process of seeking counsel to represent him and that he did not have access to all of his legal materials because he was confined in the prison's special housing unit. On October 27, 2008, the District Court denied the motion for an extension of time, adopted the Magistrate Judge's report and recommendation, and denied the habeas petition.

---

[1]The portion of Edwards' sentence in excess of twenty-seven years and six months, however, was suspended for thirteen years, at which time, unless the suspension was vacated, the suspended part of the sentence would be remitted.

2

Over a year later, on December 1, 2009, Edwards filed a "Motion for Reconsideration for Enlargement of Time." He asserted that, on October 25, 2009, he was preparing a "writ of habeas" to this Court in response to the District Court's decision when he was moved to a county jail for arraignment on possession of contraband in prison. He stated that he was moved without his legal documents and that he sought a 30-day extension of time.

The Magistrate Judge construed Edwards' filing as a motion for reconsideration of the order denying his motion for an extension of time to file objections to his report. The Magistrate Judge recommended that the motion be denied, noting that Edwards' habeas petition had been denied more than a year ago, that his request was now moot, and that, even if the motion was construed as a motion under Federal Rule of Civil Procedure 60(b), Edwards presented no reason to disturb the court's judgment.

Edwards filed objections to the Magistrate Judge's report, asking the court to reconsider the denial of his request for an enlargement of time and addressing the merits of his habeas petition. Edwards also asked the court to "grant equitable tolling of the limitations period," stating that he was "within the 1 year limitation for appeal" when he was transferred to county prison and separated from his legal materials. Finding Edwards' objections meritless, the District Court denied Edwards' motion for reconsideration. This appeal followed.

As a preliminary matter, we note that Edwards did not file a timely appeal of the

denial of his habeas petition. Our jurisdiction is thus limited to a review of the denial of his "Motion for Reconsideration for Enlargement of Time." See Bowles v. Russell, 551 U.S. 205, 213 (2007) (holding failure to file notice of appeal in accordance with statute deprived court of appeals of jurisdiction).

On the merits, it is not entirely clear what relief Edwards was seeking in his motion for reconsideration. To the extent the District Court correctly construed the filing as a motion for reconsideration of the order denying his motion for an extension of time to file objections to the Magistrate Judge's report, the District Court did not abuse its discretion in denying reconsideration. The motion was filed more than a year after habeas relief was denied.

Edwards' motion for reconsideration may be better construed as seeking an extension of time to file a notice of appeal of the District Court's order denying habeas relief. Edwards stated in his motion that he was preparing a document to this Court in response to the District Court's decision. His objections to the Magistrate Judge's recommendation that the District Court deny reconsideration indicate that he believed that he had a year to file a notice of appeal. To the extent this is the relief Edwards sought, the District Court could not have afforded an extension of time because his motion did not satisfy the time requirements of Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6).

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the District Court's order.